**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

LEANNA THOMAS,

    Plaintiff,

v.

B & JCM PROPERTIES, LLC d/b/a
FOUR POINTS BY SHERATON FT. LAUDERDALE
AIRPORT – DANIA BEACH,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LEANNA THOMAS ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files her Complaint for Damages and Demand for Jury Trial against Defendant, B & JCM PROPERTIES LLC, d/b/a FOUR POINTS BY SHERATON FT. LAUDERDALE AIRPORT – DANIA BEACH ("Defendant"), for its failure to pay federal overtime wages, and alleges the following:

**INTRODUCTION**

1. Defendant failed to pay Plaintiff federal overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay Plaintiff during her employment period.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Florida limited liability company located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant's principal address is 1900 Stirling Road, Dania Beach, FL 33004.

5. Plaintiff worked for Defendant at the Four Points by Sheraton hotel located at 1900 Stirling Road, Dania Beach, FL 33004.

6. During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

7. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

10. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

11. Defendant owns and operates the Four Points by Sheraton hotel located at 1900 Stirling Road, Dania Beach, FL 33004.

12. Defendant also owns and operates various other hotels and commercial properties throughout Florida.

13. Defendant hired Plaintiff to work for it as an hourly font desk supervisor on or about March 16, 2022.

14. Plaintiff's duties included, but were not limited to, assisting customers with checking in and checking out and handling customer inquiries.

15. During all times material hereto, Plaintiff's hourly rate was $17.00 per hour.

16. Plaintiff typically worked an average of about 43-50 hours per week for Defendant.

17. However, Defendant refused to pay Plaintiff overtime wages during one or more workweeks when she worked more than forty (40) hours. This is despite Defendant exercising significant control over the nature and degree of the work performed by Plaintiff, and despite being constructively or expressly aware of the work Plaintiff performed over forty (40) hours in one or more workweeks.

18. Moreover, Defendant deducted 30 or more minutes from Plaintiff for meal periods she did not take during workweeks when she worked more than forty (40) hours.

19. Plaintiff's last day working for Defendant was on or about August 12, 2022.

## FLSA COVERAGE

20. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for it affected interstate commerce because the goods and materials that Plaintiff used on a constant

and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

21. During her employment with Defendant, Plaintiff and various other similarly situated employees handled and worked with goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, head sets, extension cords, masks, boxes, envelopes, hand sanitizer, cash registers, cash, credit cards, credit card processors, etc.

22. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

23. Defendant had gross annual revenues in excess of $500,000.00 in the years 2019, 2020 and 2021 and is expected to gross in excess of $500,000.00 in the year 2022.

24. During her employment with Defendant, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff used the interstate telephone system to regularly and recurrently speak with Defendant's customers who resided outside of the state of Florida. Plaintiff also regularly and recurrently sent and received correspondences to and from Defendant's customers and potential customers outside of Florida during her employment period.

25. During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) was paid on an hourly basis; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

26. During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

27. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 26 as though set forth fully herein.

28. Plaintiff alleges this Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

29. Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours worked over forty (40) in one or more weeks of her employment.

30. Plaintiff claims the applicable federal overtime wage rate for all work performed in excess of forty (40) hours per week during her employment with Defendant.

31. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

32. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, LEANNA THOMAS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, B & JCM PROPERTIES LLC, d/b/a FOUR POINTS BY SHERATON FT. LAUDERDALE AIRPORT – DANIA BEACH, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LEANNA THOMAS, demands a trial by jury on all appropriate claims.

**Dated: August 17, 2022**

>Respectfully Submitted,
>
>**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
>1800 SE 10th Ave, Suite 205
>Fort Lauderdale, Florida 33316
>Ph: (954) 871-0050
>*Counsel for Plaintiff*
>
>By: */s/ Jordan Richards*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372
>JAKE BLUMSTEIN, ESQUIRE
>Florida Bar No. 1017746
>*Jordan@jordanrichardspllc.com*
>*Jake@jordanrichardspllc.com*
>*catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 17, 2022.

>By: */s/ Jordan Richards*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372

## SERVICE LIST: